

EXHIBIT B

# AGREEMENT, RELEASE & ASSIGNMENT OF CLAIMS

This Agreement, Release and Assignment of claims ("Agreement") pertains to the **Cyber Incident, Security Breach**, and **Wire Fraud** incident that occurred on or about July 17, 2024. The purpose of this agreement it to enter into a complete and final settlement all **Claims** that Cary Woods II and Cary Woods II, P.A. d/b/a Law Offices of Cary Woods, II has against Connelly Law Offices, PLLC ("Connelly") that arise out of the **Cyber Incident**, **Security Breach**, and **Wire Fraud**.

## STIPULATED FACTS

A.  **Whereas,** Cary Woods II is a personal injury attorney in Miami Florida and is the owner of Cary Woods II, P.A d/b/a the Law Offices of Cary Woods II. Mr. Woods associated Connelly Law Offices, PLLC and Goldberg & Rosen to pursue a case in Washington State on behalf of Darrell and Tamicia McCutcheon. The lawsuit was filed in Pierce County Superior Court and was styled *McCutcheon v. Town of Steilacoom*, Pierce County Cause No. 23-2-04528-4.

B.  **Whereas,** on April 29, 2024, the lawsuit resolved for $15,000,000.00. The settlement funds were paid into Connelly Law Offices trust account with Umpqua Bank for distribution. Pursuant to the fee agreement, Cary Woods II was to receive $1,500,000.00 as his portion of the attorney fee plus reimbursement of costs totaling $1,885.55 for a total payment of $1,501,885.55.

C.  **Whereas**, Connelly Law Offices, PLLC was the victim of a **Cyber Incident** and **Security Breach** that infiltrated its e-mail system. This **Cyber Incident** was a sophisticated cyber fraud scheme that included the hacking of the Connelly Law Offices e-mail server, creation of rules within the Connelly Law Offices e-mail server, control over the e-mail account of an employee of Connelly Law Offices, and the creation of a fake e-mail domain name and bank account for Cary Woods II.

D.  **Whereas,** the **Security Breach** occurred as a result of the failure of Connelly Law offices to prevent unauthorized access to and use of electronic data containing **Personal Information** including security codes and passwords which were used to access Connelly Law Offices e-mail account including the e-mail account.

E.  **Whereas,** the breach of the Connelly Law Offices e-mail server resulted in a **Security Breach** and failure to prevent unauthorized access to and use of electronic data containing **Personal Information** including security codes and passwords to access the Connelly Law Offices e-mail account of Micah LeBank. The failure to prevent unauthorized access to the password to Mr. LeBank's e-mail account further allowed the hackers to intercept communications sent by Mr. Woods and to respond to Mr. Woods with e-mails that he thought were being sent by Mr. LeBank. These e-mails, however, were being sent by the hackers to Mr. Woods preventing him from learning about the actual **Security Breach.**

F. **Whereas,** the hackers created a spoofed e-mail account and impersonated Mr. Woods. The hackers used the security codes and passwords obtained in the security breach to intercept e-mails sent by the real Mr. Woods and to delete them and send them from the spoofed e-mail account. They also created rules within the Connelly Law Offices e-mail whereby they diverted e-mails so that they would not be seen by Connelly Law Offices employees.

G. **Whereas,** on June 28, 2024, the **Hackers** sent fraudulent wiring instructions from the spoofed e-mail account directing Connelly Law Offices to wire funds into an account allegedly owned by The Law Offices of Cary Woods II with Citibank, account number 9111405845.

H. **Whereas,** the hacker attack was designed to give the hackers access to a Connelly Law Offices e-mail account wherein they created rules that prevented access to electronic data from e-mails and otherwise disrupted the e-mails servers normal function and operation. This occurred as a direct result of Connelly Law Offices failure to prevent unauthorized access to or use of electronic data including security codes and passwords that allowed the hackers direct access to Connelly Law Offices e-mail and electronic data.

I. **Whereas,** the hackers obtained access to the Connelly Law Offices' e-mail account and to Connelly Law Offices electronic data without authorization.

J. **Whereas,** Connelly Law Offices had an established and documented policy and practice of telephonically verifying wire instructions with the recipient before sending wires.

K. **Whereas,** the hackers used the Connelly Law Offices security codes and passwords to access the Connelly Law Offices e-mail server to provide a phone number to Connelly Law Offices employees to verify the wire instructions telephonically thereby causing the wire to be sent.

L. **Whereas**, on July 17, 2024, Connelly Law Offices confirmed the wire instructions over the phone pursuant to its established and documented wire instruction verification policy and practice.  Connelly Law Offices believed that they were confirming the wire instructions with Cary Woods II but in fact were confirming the wire instructions with the hackers who had engaged in the **Cyber Incident** and **Security Breach**.

M. **Whereas**, on July 17, 2024, as a result of the **Cyber Incident**, **Security Breach**, and **Wire Fraud** incident and the breach of the Connelly Law Offices e-mail server Umpqua Bank was directed to wire $1,501,885.55 to the fraudulent account with Citibank.

N.  **Whereas,** on July 26, 2024, Connelly Law Offices first discovered that the account with Citibank was fraudulent and did not belong to Cary Woods II or the Law Offices of Cary Woods II.

O.  **Whereas,** Cary Woods II and Cary Woods II, P.A. d/b/a the Law Offices of Cary Woods II has asserted a **Claim** against Connelly Law Offices for the **Loss** of $1,501,885.55 as a result of the **Cyber Incident**, **Security Breach**, and **Wire Fraud**.

P.  **Whereas,** Cary Woods II and Cary Woods II, PA d/b/a the Law offices of Cary Woods II alleges that Connelly Law Offices engaged in a **Wrongful Act** whereby it allowed a **Security Breach** to occur and failed to prevent unauthorized access to, and use of **Personal Information** including security codes and passwords.

Q.  **Whereas,** Cary Woods II and Cary Woods II, P.A. d/b/a the Law Office of Cary Woods II have a claim related to the failure to notify him of the actual or suspected **Security Breach** and **Cyber Incident.**

R.  **Whereas,** Cary Woods II and Cary Woods II, P.A., d/b/a the Law Offices of Cary Woods II have claims against Citibank for identity theft and allowing the fraudulent bank account to be established in his name and for accepting a wire directed to the Law Offices of Cary Woods II without properly verifying that it was the correct account.

S.  **Whereas,** Connelly Law Offices is insured under Prime Cyber Risk Insurance Policy No. FLY-CB-DU1RCVKXK-003 effective May 6, 2024 to May 6, 2025.

T.  **Whereas,** on July 31, 2024, Connelly Law Offices tendered this claim to Cowbell Cyber, Inc. ("Cowbell") as the claim's administrator handling this claim on behalf of Spinnaker Insurance Company ("Spinnaker").

U.  **Whereas,** Cowbell has agreed to defend this claim under a reservation of rights.

V.  **Whereas**, on August 27, 2024, the Law Offices of Cary Woods II and Cary Woods II demanded that Cowbell/Spinnaker pay its insurance policy limits of $1,000,000.00 to settle this claim. Cary Woods II specifically alleged that the loss occurred as a direct result of the failure to prevent unauthorized access to Connelly Law Offices employees e-mail account.

W.  **Whereas,** on October 15, 2024, Citibank returned $379,592.52 to Connelly Law Offices thereby reducing the total amount lost in the wire fraud scheme to $1,122,293.03.

X.  **Whereas,** on October 21, 2024, Charles River Associates ("CRA") conducted a forensic analysis and concluded that "attackers had access to information related to the original funds transfer communications on or before June 10, 2024." Based on

    this "CRA determined that unauthorized access to information related to the original funds transfer communications occurred on or before June 20, 2024."

Y.  **Whereas,** Cowbell/Spinnaker has been provided with an opportunity to fully investigate this claim.

Z.  **Whereas,** Cowbell/Spinnaker has not made a single settlement offer and has otherwise denied coverage for this claim.

AA.  **Whereas,** Cowbell/Spinnaker has engaged in bad faith in the handling of this claim, has failed to make reasonable settlement offers when liability is clear, has failed to properly evaluate the risk faced by its insured, has unreasonably placed its own financial interests in avoiding making a settlement payment ahead of its insured's financial interests in reaching a prompt, fair, and reasonable settlement, has breached its duty to settle, has breached its duty to indemnify, and has otherwise, left Connelly Law Offices to its own devices to settle this claim.

BB.  **Whereas,** Connelly Law Offices does not have a defense to this claim and faces the real and imminent risk of a verdict that would exceed the limited insurance policy limits should this claim proceed to trial.

CC.  **Whereas**, further defense of the Claims would additionally prejudice Connelly Law Offices by eroding the policy limits available to fund settlement (to the extent Cowbell/Spinnaker is not estopped from asserting such limits or otherwise waived or forfeited its right to assert such limits through its unreasonable actions and inactions).

DD.  **Whereas,** Connelly Law Offices has been abandoned by its insurance company and has been placed in a position where it must protect itself and enter into a settlement agreement.

EE.  **Whereas**, the Parties wish to enter into a full and final settlement of all **Claims** that arise out of the **Security Breach**, **Cyber Incident** and **Wire Fraud** incident.

FF.  **Whereas**, pursuant to the terms of this Agreement, Connelly Law Offices, PLLC will pay Cary Woods II and Cary Woods II, P.A. the sum of $1,501,885.55 in full settlement of this claim. (This amount includes the $379,592.52 recovered from Citibank). In exchange for this payment, Cary Woods II and Cary Woods II, P.A. d/b/a the Law Offices of Cary Woods II agree to fully release Connelly Law Offices, PLLC, its officers, attorney's, employees, agents, and assigns from all claims whether known or unknown arising out of the **Cyber Incident**, **Security Breach**, and **Wire Fraud** scheme.

GG.  **Whereas**, Cary Woods II both individually, and Cary Woods II, P.A. d/b/a the Law Offices of Cary Woods II, agree to assign any and all claims arising out of the **Cyber Incident**, **Security Breach**, and **Wire Fraud** including but not limited to

any and all claims against Citibank and any other entity to Connelly Law Offices, PLLC.

## **TERMS OF AGREEMENT**

NOW THEREFORE, FOR VALUABLE CONSIDERATION and in further consideration of the mutual covenants contained in this Agreement, the parties agree as follows:

1. <u>Settlement</u>.  In full resolution of this matter, Connelly Law Offices, PLLC, will pay Cary Woods II and Cary Woods II, P.A. d/b/a the Law Offices of Cary Woods $1,501,885.55. This amount is made in full and final settlement of any and all claims that Cary Woods II and Cary Woods II, P.A. has against Connelly Law Offices, PLLC arising out of the Cyber Incident, Security Breach, and Wire Fraud and for all attorney's fees and costs arising out of the representation of Darrell and Tamicia McCutcheon and the Estate of Darrell McCutcheon, Jr.

2. <u>Release</u>.  Based on the payment outlined above, Cary Woods II, individually, and Cary Woods II, P.A. d/b/a Law Office of Cary Woods II fully and forever release Connelly Law Offices, PLLC, its officers, attorneys, and employees from any and all claims whether known or unknown arising out of the Cyber Incident, Security Breach, and Wire Fraud incident.

3. <u>Assignment</u>.  Cary Woods II both individually, and Cary Woods, P.A. d/b/a the Law Offices of Cary Woods II hereby assigns, transfers, and sets over to Connelly Law Offices, PLLC all rights and causes of action of every kind arising out of the Cyber Incident, Security Breach, and Wire Fraud and all rights, claims, and causes of action of every kind including all claims related to the fraudulent bank account with Citibank and all claims related to the wire fraud scheme. This assignment is meant to be full and complete and to include all claims and all potential claims that Cary Woods II, individually, and Cary Woods II, P.A. d/b/a The Law Offices of Cary Woods II could bring arising out of this incident.

4. <u>Cooperation.</u>  The parties agree to execute and deliver any further documents or amendments to documents that may be reasonably necessary or appropriate to carry out or otherwise effect this Agreement. Cary Woods II, in his personal and professional capacity, agrees to cooperate in any subsequent lawsuit that arises out of this agreement.

5. <u>Advice of Counsel.</u>  The parties acknowledge and represent that they have read this Agreement, and fully understand the terms, that they have had an opportunity to seek independent legal counsel regarding this Agreement, and that they have been fully advised by their legal counsel and enter into this Agreement of their own free will.

6. **Authority.** The parties covenant, represent, and warrant that they have all authority necessary to execute this Agreement. Upon execution, this Agreement will be fully binding and enforceable with its terms.

7. **Governing Law.** This Agreement shall be interpreted and enforced in accordance with the laws of the State of Washington.

8. **Entire Agreement.** This Agreement constitutes the entire agreement of the parties to the lawsuit and shall not be amended except pursuant to a writing signed by each of the parties.

9. **Execution in Counterparts.** This Agreement may be executed in one or more counterparts, all of which together shall constitute one agreement, and each of which separately shall constitute an original document. An electronic or scanned signature has the same force and effect as an original signature.

10. **Payment.** Connelly Law Firm, PLLC send the settlement payment via check made payable to the Law Office of Cary Woods II, P.A. within fifteen (15) days of the parties executing this Release. The settlement will be sent to 5200 Waterford District Drive, Suite 790, Miami, FL 33126.

DATED this 25th day of November, 2024.

CARY WOODS II, individually,
And CARY WOODS II, P.A. d/b/a the
LAW OFFICES OF CARY WOODS II.

By: /s/ CARY WOODS II

CONNELLY LAW OFFICES, PLLC

JOHN R. CONNELLY, JR.